Nash, J.
The plaintiffs’ claim to the interference of this court is founded, not on the fact, that he has exchanged a Security, which was substantial and valuable, for one that has proved iliusofy, but iipon the alleged fact, that lie has been induced to do so, by the fraudulent Conduct of the defendants. We say the plaintiff1, because we Consider the administrator, Hayes, a? á mere looker on,- without interest in the ultimate res'últ; for let this Case eveíítuáte as it may, the iuterest he represents is safe, ais long as his co-pláintiff and his sureties are able to discharge the debt: provided at le'ast, the plaintiff’ Christman did not aC't bória fidé. It is a question of loss between the plaintiff Christman, and the defendant Armstrong. At law, Christman has no‘ claim, áhd he óánnot éxpect this court to deprive Armstrong of a d'éítínce which Completely protects him; to take from his shoulder's a load', which the law has placed there, without making oút a cléar casé entitling hint to equitable relief:' áhd'the only'evidence ih th‘e cas'e id t'hé answers. His"equity is fully and completely dénied, by fhé answers. This is not the case' of1 a' defendant bringing forward new facts to set tip an equity in himself, to repel that of the plaintiff; but one where the answer's deny the facts, úpon which the whole equity of the bill rest's.- The ahsWerá éx *553 hressly deny all fraud and combination and Conspiracy to impose on the plaintiff, or that it was at their instance the arrangement was made. And the defendant Armstrotig denies, that he concealed from the plaintiff anything concerning the matter, it was his duty to disclose; he denies that he knew any' thing of the existence of the judgments in Stokes and Rockingham. Nor indeed does it appear, by evidence, there were, at the time the new arrangement was made, any such judgments in existence. Looking into the case as presented by the bill and answers, it is not difficult to satisfy ourselves to the real truth of the matter. The plaintiff did not wish collect the money due his ward. If he did, he knew it would be necessary to loan it out again, as he was obliged to keep out at interest. He concluded landed estate was better than personal security; and, in general, his reasoning would have' been right ‘ in this instance, it has proved fallacious. It is in the province and duty of a guardian to exchange one security for a debt due to his ward for another, which he deems better, and if the latter should fail, it is no ground for recurring the parties bound in the former. He cannot be permitted resort to his old security,, and thereby saddle Armstrong, who* is but a surety, with the loss he must himself abidé.
Per Curiam, The' bill dismissed with Costa.-